United States District Court
Southern District of Texas
**ENTERED**
December 23, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **WEATHERFORD INTERNATIONAL, LLC, *et al.*,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 4:23-cv-2420** |
| **SAYAMIK NAJAF MOHAMMED AMEEN,** | § § § | |
| **Defendant.** | § § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Sayamik Najaf Mohammed Ameen's ("Ameen") Motion for Leave to File Motion to Withdraw Counsel (ECF No. 229), Opposed Motion for Evidentiary Hearing (ECF No. 236), and Opposed Motion for Leave to File Sur-Reply (ECF No. 239).[1]  Based on a review of the motions, arguments, and relevant law, the Court **DENIES** the Motion for Leave to File Motion to Withdraw Counsel (ECF No. 229), **DENIES** the Motion for Evidentiary Hearing (ECF No. 236), and **DENIES AS MOOT** the Motion for Leave to File Sur-Reply (ECF No. 239).

---

[1] On October 11, 2024, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure ("Rule") 72. (ECF No. 59).

## I.    Background

Plaintiffs Weatherford International, LLC and Weatherford U.S., LP's (collectively, "Weatherford") filed suit against Ameen on June 30, 2023, asserting claims of (1) breach of contract; (2) violation of the Federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 *et seq*.; (3) violation of the Texas Uniform Trade Secrets Act ("TUTSA"), Texas Civil Practice & Remedies Code Annotated § 134A.001, *et seq*.; and (4) breach of fiduciary duty.  (ECF No. 1).

On February 27, 2025, the Court recommended Weatherford's Motion for Summary Judgment be granted as to its breach of contract claim and denied as to its DTSA and TUTSA trade secret claims.  (ECF No. 90).  The Court further recommended Ameen's Rule 12 Motion be denied.  (*See id*.).  Ameen filed a Motion for Reconsideration and Objections to the Court's recommendation.  (ECF No. 91).  On March 25, 2025, the District Judge denied Ameen's motion and adopted the Court's recommendation.  (ECF No. 96).

However, on March 17, 2025, Ameen filed a Counterclaim, Answer, Declaratory Judgment, and Injunction ("Original Counterclaims").  (ECF No. 93).  Weatherford filed Motions to Strike and to Dismiss Ameen's Original Counterclaims (ECF No. 101, 153).  On August 1, 2025, Ameen filed his First Amended Counterclaims ("Amended Counterclaims").  (ECF No. 179).  Weatherford then filed a Motion to Strike Ameen's Amended Counterclaims

(ECF No. 185). After discovery misconduct on Ameen's part, Weatherford moved for, and the Court granted, sanctions against Ameen and his counsel. (ECF Nos. 161, 180). Ameen filed motions to reconsider, strike, clarify, and amend the Court's Order imposing Sanctions (ECF Nos. 180, 192–193, 202–203).

On October 7, 2025, the Court recommended Weatherford's Motions to Strike and to Dismiss the Original Counterclaims be denied as moot (ECF Nos. 101, 153), and Motion to Strike the Amended Counterclaims be granted (ECF No. 185). (ECF No. 214). The Court then denied the remainder of Ameen's motions challenging the Court's Order imposing sanctions (ECF Nos. 192–193, 202–203). (ECF No. 214).

Weatherford then moved for, inter alia, entry of the parties' stipulated protective order (ECF No. 199), and a protective order barring Ameen from additional filings and for a pretrial conference to resolve pending issues (ECF No. 208). Ameen moved for relief from the District Judge's Order adopting the Court's recommendation (ECF No. 103), and for leave to file a sur-reply regarding Weatherford's Motion to Strike Ameen's Amended Counterclaims (ECF No. 209).

On October 16, 2025, the Court recommended that Ameen's Motion for Relief from Judgment and to Partially Vacate Order (ECF No. 103) be denied.

(ECF No. 221).  The Court also granted Weatherford's motion for entry of the parties' stipulated protective order (ECF No. 199), granted Weatherford's motion to the extent it requested a protective order barring Ameen from future filings and denied the motion to the extent it requested a pretrial conference (ECF No. 208).  (*Id.*).  Finally, the Court denied as moot Ameen's motion for leave to file a sur-reply (ECF No. 209).  (*Id.*).  Ameen filed objections to the Court's October 7 and 16 rulings.  (ECF No. 225).

On October 31, 2025, Ameen himself filed the instant motion for leave to file a motion to withdraw his counsel, Debra Jennings, Goodwille Pierre, and Jazmyne Betters.  (ECF No. 229).[2]  On November 17, Ameen filed the instant opposed motion for an evidentiary hearing to address his pending objections to the Court's prior recommendations and orders.  (ECF No. 236).  Weatherford filed a response (ECF No. 238), and Ameen filed the instant motion to file a sur-reply (ECF No. 239).

## II.    Discussion

### A.    Motion for Leave to File Motion to Withdraw Counsel

Because the Motion for Leave to File Motion to Withdraw Counsel (ECF No. 229) was filed by Ameen himself and not counsel, the Court shall deny and

---

[2] On November 6, 2025, the Court granted a Motion for Leave to Withdraw as Counsel of Record (ECF No. 218) by The Pierre Firm, PLLC, J. Goodwille Pierre, and Jazmyne Betters.  (ECF No. 232).

strike the motion.  Plaintiff does not have a constitutional right to hybrid representation.  Because Plaintiff is currently represented by counsel in the district court, he is not entitled to file a pro se motion on his own behalf.  *See Wolf v. City of Port Arthur*, No. 1:20-cv-465, 2023 WL 5321075, at *1–2 (E.D. Tex. Aug. 17, 2023) (striking from the record all filings made by client in her *pro se* capacity, as those motions were not properly before the court because it could not entertain hybrid representation from a represented party).

The Motion for Leave to File Motion to Withdraw Counsel is thus denied and stricken.  (ECF No. 229)

### B.    Motion for Evidentiary Hearing

Ameen's motion requests an evidentiary hearing to address his pending objections (ECF No. 225) to the Court's prior recommendations and orders. (ECF No. 236).  Ameen particularly takes issue with the Court's order imposing sanctions (ECF No. 180) and its order denying Ameen's various challenges to the sanctions order (ECF No. 214).  (ECF No. 236 at 1).[3]

The Court finds that the motion violates the Court's protective order entered on October 16, 2025.  (ECF No. 221).  Under the protective order, the Court ordered that "(1) Ameen is restricted from filing further motions without

---

[3] Ameen's motion for a hearing noticeably seeks to address the Court's sanctions "[b]ecause the imposition of over $40,000 in sanctions and a finding of unethical conduct turned on disputed issues of fact[.]" (ECF No. 236 at 4).  Ameen wishes to resolve these issues "before ruling on [his] objections (Doc. 225)."  (*Id.*).

leave of Court and (2) any motion that repeats prior arguments will be stricken." (*Id.* at 16–18). Ameen's motion, however, violates the order because it was filed without seeking leave of Court and it repeats prior arguments challenging the Court's sanctions. (*See* ECF Nos. 167, 192–193, 202–203). The Court has already addressed and rejected Ameen's arguments in its Memorandum, Recommendation, and Orders from October 7 and 16. (*See* ECF No. 214 at 14–19; ECF No. 221 at 11–18). Additionally, the Court already held an evidentiary hearing on July 25, 2025 regarding Weatherford's motion for sanctions. (ECF No. 171). As such, the Motion for Evidentiary Hearing is denied and stricken. (ECF No. 236)

### C. Motion for Leave to File Sur-Reply

Ameen moves for leave to file a sur-reply in opposition to Weatherford's response (ECF No. 238) to Ameen's motion for an evidentiary hearing (ECF No. 236) "because Weatherford's Response raises new arguments and misrepresentations that were not addressed in Ameen's original Motion (Dkt. No. 236)." (ECF No. 239 at 1–2).

"Neither the Federal Rules nor the Local Rules provide for the right to file a surreply." *BHL Boresight, Inc. v. Geo-Steering Sols., Inc.*, 2017 WL 3634215 at *2 (S.D. Tex. Aug. 24, 2017). Indeed, "[s]urreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly

disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Weaver v. Celebration Station Props., Inc.*, 2015 WL 1932030 at *3 (S.D. Tex. Apr. 28, 2015) (quoting *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001)).

Where a sur-reply is permitted, it "is limited to addressing only new arguments raised for the first time by the opposing party in their reply briefing and not included in the original motion." *Branch v. CEMEX, Inc.*, 2012 WL 2357280 at *9 (S.D. Tex. June 20, 2012) (quoting *Marbury Law Grp., PLLC v. Carl*, 729 F. Supp. 2d 78, 83 (D.C. 2010)). "It is not an abuse of discretion for a court to deny a party leave to file a surreply when that party seeks only to respond to arguments—even new ones—relating to an issue the party already addressed in its response." *Austin v. Kroger Tex. L.P.*, 2016 WL 1322248 at *2 (N.D. Tex. Apr. 5, 2016). Moreover, "[s]uch a request [for surreply] must also be accompanied by a detailed recital of the necessity of the proposed surreply— something more than a conclusory assertion that [parties] raise new arguments in their Replies." *BHL Boresight*, 2017 WL 3634215 at *3.

Sur-replies "are highly disfavored" by courts; indeed, they are "limited to addressing only new arguments raised for the first time by the opposing party in their reply briefing and not included in the original motion." *BHL Boresight*, 2017 WL 3634215 at *3; *Branch*, 2012 WL 2357280 at *9.

7

Ameen fails to meet the exacting standard advanced by sister courts. Ameen's Motion for Sur-reply merely recycles previous theories disputing the basis for sanctions and objecting to the Court's prior rulings. Ameen fails plainly to provide a "detailed recital of the necessity of the proposed surreply." *BHL Boresight*, 2017 WL 3634215 at *3. Further, the Court has already addressed and rejected Ameen's arguments against sanctions in its Memorandum, Recommendation, and Orders from October 7 and 16. *Cuellar v. Rodriquez*, No. 23-cv-237, 2023 WL 6135685, at *1 (W.D. Tex. Sept. 19, 2023) (denying defendant's motion for leave to file sur-reply where court found neither defendant's motion nor the proposed sur-reply identified new arguments purportedly made in the plaintiff's reply brief, and the proposed sur-reply appeared "to be little more than a restatement of prior arguments and submitting various case law in support"). Indeed, in the October 7 Memorandum, Recommendation, and Order, the Court already denied Ameen's multiple motions challenging the Court's sanctions order. (*See* ECF No. 214 at 14–20). Additionally, because the Court has already considered Ameen's request for an evidentiary hearing to address his objections, and the Court denies the aforementioned Motion for Evidentiary Hearing through this order, *see supra* Part II.B, a sur-reply is of no effect here. The Court therefore denies Ameen's request to file a sur-reply as moot. (ECF No. 239).

## III.  Conclusion

Based on the foregoing, the Court **DENIES** the Motion for Leave to File Motion to Withdraw Counsel (ECF No. 229), **DENIES** the Motion for Evidentiary Hearing (ECF No. 236), and **DENIES AS MOOT** the Motion for Leave to File Sur-Reply (ECF No. 239).

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on December 23, 2025.

_____
Richard W. Bennett
United States Magistrate Judge

9